IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 3:21-cv-578

| | | |
|---|---|---|
| JAHVON T. McDOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | **(Jury Trial Demanded)** |
| | ) | |
| THE CITY OF MOORESVILLE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, complaining of the Defendant, alleges and says:

## I. INTRODUCTION AND JURISDICTION

1. This is an action seeking legal and equitable relief under Title VII of the Civil Rights Act of 1964, et seq. ("Title VII").

2. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343, this being a proceeding to enforce rights and remedies secured under Title VII.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§ 2201 and 2202, this being an action for declaratory judgment declaring illegal the act of Defendant complained of herein which violated rights secured to the Plaintiff by Title VII.

## II. PARTIES

4. Jahvon McDowell is an African American male resident of Davidson, North Carolina.

5. Defendant, City of Mooresville, is a local governmental entity. The Mooresville Police Department is an agency of The City of Mooresville. It provides police protection and other public safety services to the citizens of Mooresville.

### III. FACTS

6. Plaintiff, Jahvon McDowell, is an African American male who was hired by Defendant on or about April 23, 2018 as a police officer. At the time that he was hired by Defendant, Plaintiff already had experience as a police officer.

7. In or around July 2018, Plaintiff complained about the Field Training Officer End-of-Training Board being biased against minorities and making it difficulty for minorities to succeed in The Mooresville Police Department.

8. In or around August 2018, Plaintiff was granted a successful completion of the field training officer program.

9. Plaintiff performed his duties at all times in a satisfactory manner.

10. In or around June 2019, Plaintiff was notified that he was being placed under investigation on allegations that he violated the General Order Rules of Conduct and General Order Cannon of Ethics.

11. Plaintiff was investigated for allegedly having a conversation with a citizen about issues occurring in the police department, including the treatment of the Chief of Police Williams. In connection with the investigation of that issue, Plaintiff was subjected to investigations regarding his use of the body camera and in that process, members of Defendant's management accused Plaintiff of being in violation of policies of the department.

12. Plaintiff is aware that the issue of the treatment of Chief Williams was widely discussed among officers and that at least twelve of the officers provided inflammatory

2

statements to the media. Those white officers were able to express their opinions and concerns but received no disciplinary action or threats of disciplinary actions.

13. Plaintiff filed a charge of discrimination with the EEOC on July 17, 2019, alleging race discrimination, retaliation and disciplinary actions proposed, EEOC Charge 430-2019-02202.

14. While Plaintiff's July 17, 2019 charge of discrimination filed with the EEOC was still pending, Plaintiff applied for a promotion to both a sergeant and a captain vacancy on or about November 27, 2019. Plaintiff was fully qualified for the positions and successfully interviewed for both positions.

15. On or about December 6, 2019, Plaintiff was informed that other candidates, white, were selected for the positions of sergeant and captain. Plaintiff was better qualified than those individuals. To the best of Plaintiff's knowledge and based on information and belief, those officers had not filed charges of discrimination or raised concerns about discriminatory treatment.

16. Plaintiff filed a charge of race discrimination and retaliation regarding the December 6, 2019 promotion on December 9, 2019.

17. On April 29, 2020, Plaintiff filed a charge of discrimination with the EEOC, EEOC Charge No. 430-2020-01692. Plaintiff alleged that he had been discriminated against on the basis of his race and retaliated against for engaging in protected activity, specifically the filing of EEOC Charge No. 430-2019-02202 in July 2019 and EEOC Charge No. 430-2020-00666 in December 2019 both of which allege race discrimination and retaliation.

3

18.  In January 2020, Plaintiff was again denied a promotion to the position of captain and sergeant.  Lesser qualified white individuals were promoted to those positions.  Persons who have not filed charges of discrimination against the city were promoted.

19.  On March 23, 2020, Plaintiff was placed on suspension.  On April 2, 2020, Plaintiff was informed that a recommendation would be made to terminate his employment and on April 23, 2020, Plaintiff's employment was terminated.

20.  Plaintiff was accused of being insubordinate.  Plaintiff denies that he was insubordinate.  Plaintiff is aware of white employees who have violated specific orders of management but who were not terminated from their employment.

21.  During Plaintiff's employment, he has been subjected to a racially hostile work environment which consisted of officers being told and required to perform a service at the tombstone of a Civil War veteran.  In addition, Plaintiff and other African Americans were subjected to inappropriate racial language, false allegations and threatened with disciplinary actions when they did not consent to engaging in activities honoring confederate soldiers or officials.

## IV.  CLAIMS FOR RELIEF

### First Claim for Relief – Race Discrimination

22.  Paragraphs 1 – 21 above are incorporated herein by reference.

23.  Plaintiff was discriminated against with respect to promotions to the positions of sergeant and captain on two occasions in 2019 and was discharged from his position.  In addition, Plaintiff was subjected to discipline for behavior which white employees engaged in without any consequences.

4

24.    Defendant's actions violate Title VII of the Civil Rights Act of 1964. Defendant's actions were racially motivated as Plaintiff was treated differently than his white colleagues.

25.    As a result of the Defendant's actions, Plaintiff is entitled to damages for economic loss and emotional distress.

**Second Cause of Action – Retaliation**

26.    Plaintiff realleges paragraphs 1 - 25 above.

27.    Plaintiff engaged in protected activity by complaining about racially offensive behavior and treatment at The Mooresville Police Department and filing charges of discrimination with the EEOC.  As a result of his complaints about treatment to which he was subjected and as a result of his support for the former Chief of Police, an African American, Plaintiff was retaliated against by being subjected to an internal investigation and disciplined for supporting the former Chief.  Plaintiff and his co-workers were interviewed as part of an investigation into the employment problems at the police department.  Despite Plaintiff providing information about racially offensive conduct in the workplace and discriminatory conduct, no action was taken to address those issues.

28.    Plaintiff filed a charge of discrimination on December 9, 2019 after learning that he was denied a promotion to sergeant and a promotion to captain on December 6, 2019. Despite his qualifications, Plaintiff was denied the position which was awarded to lesser qualified white individuals none of whom had engaged in protected activity.  The denial of the promotion occurred less than six months after Plaintiff filed a charge with the Equal Employment Opportunity Commission and while another charge of discrimination was still pending.

5

29. On April 29, 2020, Plaintiff filed another charge of discrimination against the City due to his termination on April 23, 2020. Plaintiff's discharge occurred four months after his last EEOC charge was filed and while two EEOC charges were pending against the Agency. Plaintiff's discharge was under circumstances giving rise to a claim of retaliation. Plaintiff had engaged in a protected activity and but for his engagement in that protected activity, Plaintiff would not have been discharged from his employment.

30. As a result of Defendant's actions, Plaintiff has suffered economic and loss and emotional distress. Defendant's actions violate Title VII of the Civil Rights Act of 1964.

## V. EXHAUSTION OF REMEDIES

31. Plaintiff filed charges of discrimination, EEOC Charge Numbers 430-2020-00666, 430-2019-02202 and 430-2020-01692. The EEOC issued a Dismissal and Notice of Rights dated July 30, 2021 on each of Plaintiff's charges. Plaintiff is filing this action within ninety days of receipt of the Dismissal and Notice of Rights.

## VI. JURY TRIAL DEMAND

32. Plaintiff hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the discrimination, retaliation and wrongful discharge be remedied in full and that the court, after a jury trial:

a. Declare the actions complained of herein to be illegal;

b. Issue an injunction enjoining the Defendant, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendant and at its direction from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of Title VII;

6

c.      Award Plaintiff compensatory damages for pain and suffering and infliction of emotional distress;

d.      Award Plaintiff back pay, front pay and all relief necessary to make him whole;

e.      Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, other litigation expenses; and

f.      Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 27th day of October, 2021.

*/s/ Geraldine Sumter*
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone:  (704) 375-8461
Facsimile:   (980) 938-4867
Email:  gsumter@fergusonsumter.com
Attorney for Plaintiff

7